IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:19CR31 |
| v. | |
| CRAIG NIEDBALSKI, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant Craig Niedbalski's ("Niedbalski") pro se Motion for Early Release (Filing No. 56), in which he asks this Court to reduce his sentence primarily based on the risk of severe illness should he contract COVID-19.[1]  *See* 18 U.S.C. § 3582(c)(1)(A)(i).  The government opposes (Filing No. 57) the motion.

On about October 3, 2019, Niedbalski pleaded guilty to transporting an explosive, in violation of 18 U.S.C. §§ 844(d) and 2(b), and interstate stalking, in violation of 18 U.S.C. § 2261A(2)(A) and (B), and (b)(3).  As stated in the plea agreement, Niedbalski stalked his victim for approximately twenty years, sending her over one hundred letters threatening her and her family.  He also mailed his victim a device resembling a pipe bomb.  In accordance with Niedbalski's Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, the Court sentenced him on January 22, 2020, to fifty months imprisonment on each count, to be served concurrently, followed by three years of supervised release on each count, also to be served concurrently.

---

[1] Niedbalski also states in his pro se motion that he is requesting "early release as provided-for in [his] plea agreement." He asserts there is a provision in his plea agreement (Filing No. 36) that "allow[s] for [his] early release after a year and a day in prison." That is inaccurate, his plea agreement contained no such provision.

Niedbalski argues he is at risk of death or serious illness from COVID-19. Niedbalski states he has hypertension and a blood-pressure condition, and claims his current medication doses are insufficient to control his blood pressure. He also complains about the lack of services available to him at the Federal Correctional Institution in Terre Haute, Indiana ("FCI Terre Haute"), stating he has been unable to receive counseling and has not had "an adequate post-release planning session."

The First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018), codified at 18 U.S.C. § 3582(c)(1)(A), permits Niedbalski to move for a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier." Niedbalski submitted a request for compassionate release to the warden of FCI Terre Haute on April 30, 2021, which was denied on June 29, 2021. Because more than thirty days have passed since the warden denied his request, the Court now considers whether Niedbalski has demonstrated "extraordinary and compelling" to reduce his sentence.

In deciding whether to reduce a sentence pursuant to § 3582(c)(1)(A), the Court considers the relevant factors set out in 18 U.S.C. § 3553(a), including the nature and circumstances of the offenses of conviction; the defendant's history and characteristics; and the need for the sentence to reflect the seriousness of the crime, to promote respect for the law, and to provide just punishment for the offense. A defendant's sentence should also deter criminal conduct, protect the public from future crime by the defendant, and promote rehabilitation. *Id*.

The Court also considers whether the defendant presents "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," U.S.S.G. § 1B1.13(2), and must ensure the relief sought is "consistent with applicable policy statements issued by the [United States] Sentencing Commission," 18 U.S.C.

§ 3582(c)(1)(A). The first application note to policy statement § 1B1.13[2] lists four general categories of qualifying circumstances: (1) the defendant's terminal illness or other serious medical condition; (2) the defendant's advanced age and deteriorating health; (3) dire family circumstances; and (4) other "extraordinary and compelling" reasons as determined by the BOP Director. U.S.S.G. § 1B1.13 cmt. n.1. The defendant's rehabilitation may be relevant but "is not, by itself, an extraordinary and compelling reason for purposes of [§ 1B1.13]." *Id.* § 1B1.13 cmt. n.3.

Having carefully reviewed the record in this case with these factors in mind, the Court finds Niedbalski has not presented extraordinary or compelling reasons for release. While the Court acknowledges Niedbalski's reported medical conditions are serious, the record shows he is receiving regular medical care and the proper medication and treatment. He has also refused a COVID-19 vaccine. While the risk of COVID-19 is still serious, the BOP has made significant progress in controlling inmate exposure to COVID-19. For example, the BOP is taking many precautions to protect inmates from the virus, such as limiting the length and duration of visits, checking all visitors for symptoms associated with COVID-19, and implementing strong vaccination efforts. Niedbalski should still benefit from those efforts, even though he refused the vaccine himself.

Even if Niedbalski's medical conditions showed a compelling reason to justify early release, the Court would deny his motion based on the nature and circumstances of his criminal charges. Having served about half his sentence, Niedbalski remains a danger to others, especially to the victim that he stalked and threatened for over twenty years. The circumstances here weigh heavily against his early release.

---

[2]This policy statement predates the First Step Act and does not govern the Court's review of Niedbalski's request for a sentence reduction. The Court nonetheless finds it helpful in deciding whether to reduce his sentence. *See United States v. Jenkins*, No. 4:15-CR-3079, 2020 WL 2814437, at *3 (D. Neb. May 26, 2020).

Accordingly, Niedbalski's Motion for Early Release (Filing No. 56) is denied.

IT IS SO ORDERED.

Dated this 26th day of October 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge
